Haight, J.
The plaintiff in his complaint alleges that on the 18th day of October, 1882, the plaintiff let and rented unto the defendant one steam-en *592 gine, upon-the express understanding and agreement that the defendant should take the engine, and retain the same as long as he desired, not exceeding a reasonable time, and then return the same to the plaintiff in as good condition as when taken, reasonable wear excepted, and that for the use of the engine the defendant agreed to pay the plaintiff $2.50 for each and every day un til it was returned; that the engine had never been returned to the plaintiff; and that no part of the amount agreed to be paid for the use thereof had been paid. The action was brought on the 30th day of October, 1887. The defendant in his answer admits the hiring of the engine, and that he agreed to pay $2.50 for each day that he used the same, and as a second defense alleges that at the time the plaintiff let and rented the engine to him the plaintiff represented and stated that the engine was in good condition and repair, and would do good Work, and that, relying on such representations, the defendant was induced to take said engine, and endeavored to operate the same; but upon a trial thereof the engine was found to tie defective and out of order, and in a condition unfit for doing the work for which the defendant hired it, and that the defendant, by reason of such defective condition, was unable to use the engine. Upon the trial the plaintiff testified that one Theron C. Brown came to him, and told him that the defendant, Harmon, had sent him there to hire the engine; that he asked how much he wanted a day for it, and was told, 20s. a day; that he told Brown that the engine was about a mile nortli of Scottsville; that he could take it for that, and when he got through with it to return it; that Brown said he would draw it back as far as Riga corners. Theron C. Brown was sworn as a witness for the plaintiff, and testified that he had a conversation with the plaintiff, by direction of the defendant, Harmon, in the month of October, 1882. “I asked Sliefi'er about his engine, and Shelter told me where I could get it. I asked him where it was, and he said it was down near Scottsville, with a man named Anton. He said if we wanted it we would have to go and get it. He was busy. "We could use it, and after we got through with it we should bring it back home. I told him 1 did not know whether we could bring it back home again, but we could bring it as far as Biga corners, .and he said that would do. I came home, and told Harmon, and he sent me for the engine.” He further testified that lie did not remember whether anything was said about the price. The defendant, George E. Harmon, testified that he saw the plaintiff, Sheffer, about the middle of October, and told him he heard that he had an engine he was not psing, and that he said he had. “I asked if it was a good engine, and he said it was. I asked him if he wanted to rent it, and he said, ‘ Yes, he would rent it.’ I said, «What do you want a day for it? ’ He said he wanted three dollars a day for it. He asked what I wanted to use it for, and I told him that I lacked a little power in the mill; that the spring creek was shrinking; and that I had more orders than I could fill, and I wanted to augment the power. I told him that if he had a good engine I could get along. He said, ‘ All right, I will let you have the engine for that work for three dollars a day.’ I asked if it was a good engine, and he said it was. I said, ‘ If it is a good engine, I will give you $2.50 a day for what time I use it.’ He said, ‘If it is not a good engine, it will not cost you anything.’ He said, ‘You go and get it, and try it.’ I said, ‘ I would get it and try it.’ ” Other evidence was given on behalf of the defendant tending to show.that the engine was out of order, and could not be used. At the conclusion of the evidence the court directed a verdict in favor of the plaintiff for $1,000, to which exception was taken by the defendant.
. We are of the opinion that this was error. Under the pleadings a question of fact was raised as to what the contract was; whether or not the engine was represented to be a good engine; and as to whether it was not understood that if it was not a good engine it would not cost anything to get it and try it. The parties differed in their testimony upon this branch of the case, thus *593 making a conflict which raised a question for the jury to dispose of. The trial court appears to have been of the opinion that the final contract between the parties was made by Brown, acting as the agent for the defendant, but it will be observed, upon the examination of his testimony, that there was no complete contract made by him. It is true some conversation took place as to the place where the engine should be returned to, and as to the place at which the engine could be found, but he does not recollect that anything was said about the contract price that should be paid for the use of the engine; so that, while the court relies upon his evidence as furnishing the final contract between the parties, it determines the amount that was agreed to be paid for the use of the engine when no such'amount was testified to by Brown. We cannot adopt this theory of the case. There was a bill of particulars called for and served, but nothing in the demand for the bill of particulars called upon the defendant to state with whom the contract for-the hiring was made, and nothing in the bill of particulars as served whicii specifies with whom the contract was made. The only thing bearing upon the question appears in the seventh clause or subdivision of the bill of particulars, which, as amended, states that “the time and place the plaintiff was informed of the intended use which the engine was to be put to was where and when the arrangement in relation to the hiring of it was made, and the name of the informant is the defendant.” There is nothing in this which limits the defendant from showing that the contract was made with himself, instead of with the agent, Theron 0. Brown. For these reasons the judgment and order should be reversed, and a new trial ordered, costs to abide event. So ordered. All concur.