AMELIA M. CITROEN et al., Appellants, v. THOMAS ADAM, Respondent.

*Supreme Court, First Department, General Term, May* 24, 1889.

*Question of fact.*—It is for the jury, and not for the court, where the undisputed evidence supports two inferences, to say which inference ought to be drawn from the facts, even though the facts are undisputed.

Appeal from a judgment entered upon the dismissal of the complaint at the close of plaintiff's case.

*George Carlton Comstock*, for appellants.

*E. P. Wilder*, for respondent.

BARTLETT, J.—The plaintiffs are importers of diamonds, carrying on business in the city of New York. On July 13, 1885, they let Mrs. Pauline Jacquin have a pair of diamond earrings to sell to a customer whom she said she had, named Mrs. Morgan, for $1,400. Mrs. Jacquin did not bring back the money or return the earrings, and the diamonds were eventually discovered in the custody of the defendant, who is a pawnbroker, trading under the name of Thomas Green, and who claims to have advanced $600 upon the earrings upon a pledge of the same to him by Mrs. Jacquin.

This suit was brought to recover the diamonds, or their value, which is fixed in the complaint at $1,365, together with damages for the detention thereof, to the amount of $135. At the close of the testimony offered in behalf of the plaintiffs, the complaint was dismissed upon motion of the defendant, and from the judgment entered upon such dismissal the plaintiffs now appeal.

The facts clearly resemble those which were presented in

Heilbron *v.* McAleenan (16 N. Y. State Rep. 957), which was an action arising out of a similar transaction on the part of Mrs. Jacquin and her son. In the case at bar the complaint must have been dismissed, on the ground that Mrs. Jacquin, under the arrangement between her and the plaintiffs, acquired a general power of sale instead of having her authority restricted to the right to sell and deliver to a particular person only. If the evidence on the part of the plaintiffs warranted no other conclusion than that the power of sale conferred upon Mrs. Jacquin was general, so that she became a factor of the plaintiffs, then this disposition of the case might have been correct; but we do not think that the proof necessarily demanded that inference.

On the contrary, it seems to us that the jury might well have found, from the testimony of the plaintiff, Kauffmann, that the goods were entrusted to Mrs. Jacquin for a special purpose only, that is, to be sold to the Mrs. Morgan who was spoken of, and that there was no design or intention on the part of the plaintiffs to entrust the diamonds to Mrs. Jacquin, to sell to any other customer, or to give her any general power of sale in respect to them. It is true that the plaintiff, Kauffmann, testified, on cross-examination, that he supposed he would have taken the money if Mrs. Jacquin had sold the earrings to some other customer than Mrs. Morgan.

"One man's money," said the witness, "is as good as another's." But this statement, after the event, amounts to nothing more than saying that the plaintiffs would have been satisfied if they had been paid for their diamonds without caring, particularly, as to the source whence payment proceeded. It cannot fairly be interpreted as meaning that they bestowed upon Mrs. Jacquin, their bailee, a general, instead of a special and restricted power of sale. The most that can be said is, that the testimony in respect to the authority conferred upon Mrs. Jacquin, by the arrangement between her and the plaintiffs, was capable of supporting two

inferences : one that the power of sale was special, the other that the power of sale was general. Under these circumstances, it was for the jury, and not for the court, to say which inference ought to be drawn from the facts, although the facts were undisputed. First National Bank of Springfield *v.* Dana, 79 N. Y. 108, 112 ; Smith *v.* Coe, 55 N. Y. 678. We think that a case was presented which should have been allowed to go to the jury ; and even if a general power of sale was established, the defendant ought to have been put to his proof that he was a pledgee of the diamonds in good faith, and entitled to a lien upon them to the amount of the $600 which he claims to have advanced.

The judgment should be reversed, and a new trial granted, with costs to the appellants to abide the result.

VAN BRUNT, Ch. J., and DANIELS, J., concur.