CHARLES CLEVELAND, Respondent, *v.* NEW JERSEY STEAM-BOAT COMPANY, Appellant.

*N. Y. Supreme Court, Fourth Department, General Term, July* 20, 1889.

1. *Witness. Credibility.*—The fact that some contradictions are found in the testimony of the plaintiff as a witness on the present trial, when compared with his testimony on the former trial, would not have warranted the trial court in ruling, as a matter of law, that he was not entitled to credit; but the question was properly confided to the jury, with proper instructions, for them to determine, from all the circumstances before them, upon the evidence tending to corroborate the plaintiff, whether or no the position taken by him on the trial was in accordance with the truth.

2. *Verdict. When not set aside.*—The circumstance that the appellant's witnesses on a certain point outnumbered the witnesses of the respondent on the same point, does not furnish an occasion for disturbing the verdict.

3. *Witness. Credibility. When question for the jury.*—Where witnesses, who are called on behalf of a party, are in his employ and more or less interested in the question involved, what credence shall be given to them is a question for the jury to determine.

4. *Damages. When a question for the jury.*—Where the testimony raises the question as to the extent, nature and permanency of plaintiff's injuries, what is a suitable sum to compensate him for such injuries is a question of fact, to be fairly and cautiously submitted to the jury.

5. *Evidence. Earnings.*—Under an averment in the complaint, in an action to recover for personal injuries received though defendant's negligence, that plaintiff has been, and will be, for a long time to come, unable to labor, etc., the amount of wages he was earning at the time of his injuries, and the fact that he had not been able to labor thereafter, are properly received in evidence.

Action to recover for the alleged negligence of the defendant, a common carrier of passengers, causing injuries to the plaintiff while a passenger on one of defendant's boats, just as it was about to leave the harbor in New York City for the city of Albany.

Appeal from a judgment entered on a verdict, and from an order denying a motion for a new trial.

*R. K. & W. P. Prentice*, for appellant.

*Edwin H. Risley*, for respondent.

HARDIN, P. J.—When the last appeal was before us (7 N. Y. State Rep. 598), in the course of our opinion we said: "We are, therefore, of the opinion that it was a question of fact for the jury to determine whether the gangway gate had actually been placed within its sockets before the person referred to escaped from the boat, and before the rush of passengers to the side in response to the exclamation, 'man overboard,' the difficulty which a person would encounter in lifting the gate out of its place, the fact that it was taken out of the water unbroken bore quite significantly upon the question of whether the position of the plaintiff taken upon the trial that the gate had not been placed in its proper position was true and reliable. To

solve that question, the principal question of the fact, we think, was the province of the jury.

If the defendant's boat started without the gangway gate being set, the defendant omitted to provide in time against one of the dangers to be guarded against by the use of such a gate."

Upon the trial now under review there was a conflict in the evidence upon the question stated in the foregoing extract from our former opinion. The trial judge carefully and cautiously submitted the question of fact to the jury. The counsel for the defendant seems to be of the opinion that because there was some contradictions in the testimony of the plaintiff, as a witness, found in comparing his testimony on the present trial with that given on the former trial, that the court ought to have ruled as a matter of law that the jury might not give credit to the plaintiff as a witness. We think his position is unsound. We think the trial judge properly confided the question to the jury, with proper instructions, allowing them to determine, from all the circumstances before them, upon the evidence tending to corroborate the plaintiff, whether or no the position taken by him on this trial was in accordance with the truth.

Several witnesses were called in behalf of the defendant to prove that the gate was in position. According to well-recognized precedents the circumstance that the defendant's witnesses on that subject outnumbered the witnesses of the plaintiff upon the same subject, does not furnish an occasion to disturb the verdict.

In Wright *v.* Saunders (65 Barb. 214), it was said, viz. " Although four witnesses against one is a very great preponderance, yet it was the right of the referee to believe the one and disbelieve the four. He saw and heard them, and he is much better able to determine the amount of credit to which they were respectively entitled than we can be." That case was affirmed by the court of appeals, and is reported in 2 Keyes, 323, and 36 How. Pr. Rep. 136.

Besides several of the witnesses who were called for the defendant were in its employ and more or less interested in the question involved. What credence should be given to them was for the jury to determine.

In Elwood *v.* The Western Union Telegraph Co. ( 45 N. Y. 554), in referring to witnesses, somewhat similarly situated, RAPALLO, J ., said : " The witnesses, though unimpeached, may have such an interest in the question at issue as to affect their credibility. * * * Each of them, if guilty of the negligent act, would have the strongest motive to deny it, as the admission would subject him or her to severe responsibility for the consequences. This is a controlling consideration in determining whether the statements of these witnesses should be taken as conclusive. Without imputing a want of truthfulness to these witnesses, we think that their relation to the subject-matter in controversy was of itself sufficient to take from the court the right to dispose of the case upon their evidence and to require that the jury should pass upon the weight to be given to their statements."

See, also, Cushman *v.* U. S. Life Ins., 70 N. Y. 77 ; Gildersleeve *v.* Landon, 73 id. 609; Khoeler *v.* Alder, 78 id. 287 ; Longyear *v.* U. S. Life Ins. Co., 20 Weekly Dig. 165 ; Michigan Carbon Works *v.* Schad, 38 Hun, 71.

We think the trial judge was justified in submitting the questions of the fact to the jury, viz.:

*First.* Whether the defendant was guilty of negligence causing the injuries complained of, and

*Second.* Whether the plaintiff was free from contributory negligence on the occasion of receiving the injuries.

*Third.* The question of damages was fairly submitted to the jury. The plainaiff testified quite freely as to the circumstances attending his injuries and the extent of suffering caused thereby. Several physicians were called in respect to his physical condition, and their testimony raised the question as to the extent and nature and permanency of the injuries he had received.

Dr. Hunt prescribed for him shortly after the injuries were received, and he states that he found: " That the disease was of a nervous character, and he was troubled with rheumatism at that time.   He had a rheumatic affection of the intercostal muscles, and also in the limbs and in the ankle joints.   I prescribed for him about two months. *  *  * ·I attributed his condition, which I have described, to a cold caught in some way or another.   I questioned him as to the manner in which he was liable to take cold, and he told me of the accident that occurred, and I told him that I did not know of any other way it would take place except it was from that.   I attributed it to that.   It is a pretty hard matter to state what are his chances of recovery from this trouble that he has been afflicted with.   I don't think he will entirely recover from it.   Possibly he might.   The pricking sensation in the leg and arm, and the pain about the region of the heart indicate the want of a good free circulation.   It might indicate a disease of the nerves of a nervous character."   See fol. 152.

Dr. Hopkins, in describing the difficulty, says, viz.: " It was an irritation of the nervous centers, as I diagnosed his case, from this sciatica, extending down through the nerves of the lower limbs, the full extent.   At times he must have suffered, I should think, severely.   *  *  *   I cannot say he is any better from the time I first saw him, he could not get any benefit from the treatment."   Fol. 164.

His wife was called as a witness, and she testified to his having fainting spells and being nervous, and adds, viz.: " He would jump out of bed and cry out ' I am drowning;' he would walk the floor at night complaining of pain. Prior to the injury he was healthy."   Fol. 161.

Considerable other evidence was given in respect to the injuries and the effects thereof upon the physical constitution of the plaintiff.   What was a suitable sum to compensate the plaintiff for such injuries was cautiously submitted to the jury, and was a question of fact, and we see nothing in the evidence which warrants us in disturbing the verdict

on the question of damages. Hickinbottom *v.* D. L. and W. R. R. Co., 15 N. Y. State Rep. 13, and cases cited; Leeds *v.* Metropolitan Gas-Light Co., 90 N. Y. 26; Staal *v.* The Grand Street and Newtown Railroad Co., 107 id. 625; 11 N. Y. State Rep. 352.

In the course of the plaintiff's examination he testified what wages he was able to earn before he received the injuries, and he added, viz.: "My physical condition has not been such since this accident that I could resume my chosen occupation. I have not worked at it since I left it." The defendant took an exception to the admission of the testimony which we have just quoted. We think the same was permissible.

Our attention is called to Butler *v.* Kent (19 John. 223). That was an action against an officer for misbehavior in his office, and it was held in that case that recovery could only be had for special damages, and they must be "particularly stated in the declaration." We see nothing in that case which warrants the contention of the defendant, that the admission of the evidence which we have referred to was improper.

In the complaint the plaintiff avers that since the injuries received, he "has been, and for a long time to come, will be, unable to labor, and has been subjected to great expense in consequence of the premises, and otherwise injured to his damage in the sum of $5,000."

We think, under that averment, the amount of wages he was earning at the time of his injuries, and the fact that he had not been able to labor thereafter, were properly received, and that there is no force in the exceptions taken to that evidence.

These views, as well as those expressed by us when the case was last before us, in the opinion reported in 7 N. Y. State Rep. 568, lead us to sustain the order and verdict.

Judgment and order affirmed, with costs.

MARTIN and MERWIN, JJ., concur.