MURPHY *v.* ROME, W. & O. R. Co.

(*Supreme Court, General Term, Fourth Department.* April, 1890.)

1. CARRIERS—INJURIES TO PASSENGERS.
     A railroad company is bound to give passengers a reasonable opportunity to leave trains at stations where they stop.

2. APPEAL—REVIEW.
     The fact that plaintiff's testimony is in contradiction to her testimony given on a former trial is not sufficient to overthrow a verdict in her favor.

Appeal from circuit court, Jefferson county.

Action by Rosanna Murphy against the Rome, Watertown & Ogdensburg Railroad Company. It is alleged in the complaint that on the 12th of May, 1888, the plaintiff, a widow, about 38 years of age, took passage in defendant's passenger train at Watertown for Felt's Mills, paying her fare; and

upon arriving at Felt's Mills station, after the train stopped, as she was about to step down upon the platform, with one foot on the steps of the car leading down, and the other just upon or about being placed upon the platform in making her exit from the coach in which she rode, the train started up, throwing the plaintiff down under the cars, whereby she was injured, without her fault; and the complaint alleges negligence in the defendant in suddenly starting up the train without giving sufficient time for the plaintiff to alight, and that she was injured without her fault. The answer admits the incorporation of the defendant, and that it was "engaged, as such, in the carrying of freight and passengers over its various lines; and, as such, on the 12th day of May, 1888, it ran and operated trains from Watertown * * * for the conveyance of passengers for hire;" and it denies the other allegations of the complaint. There had been a previous trial of the action, and the jury disagreed. In the course of the charge the trial judge, in dealing with the question of whether the plaintiff was guilty of contributory negligence or not, observed, viz.: "Taking this woman just as she was, you are to determine just what she did, and how she acted; and then the test is whether, in just what she did, she exercised as much care and caution as an ordinarily careful and prudent person would do. * * * If you find that under just the circumstances in which she was placed, and just as she was there, she acted as carefully and prudently as an ordinarily careful and prudent person would act, then she was not guilty of contributory negligence." Upon the question of whether the defendant was guilty of negligence, the trial judge observed: "As to whether the neglect by defendant of a duty imposed upon it by law caused this accident to occur, if you find that it was not negligent, or that the negligence did not cause the accident, then the plaintiff cannot recover. But if you find that the defendant was negligent, and that its negligence caused the accident, then you pass to examine the other question,—of the presence or absence of contributory negligence on the part of the plaintiff; because the law has long been settled in this state that, no matter how negligent a defendant may be in an action of this kind, the plaintiff must come into court with clean hands." In delivering the charge, the trial judge very extensively commented upon the facts bearing upon the two questions which are embraced in the quotations already made from his charge. Judgment was entered on a verdict for plaintiff for $2,000, and a motion for a new trial on the minutes was denied, and defendant appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Edmund B. Wynn,* for appellant.    *Wilbur F. Porter,* for respondent.

HARDIN, P. J.   Carefully and cautiously the trial judge laid down the rules of law applicable to the principal questions presented by the evidence in this case. He kept carefully within the principles laid down by the court of appeals (second division) in *McDonald* v. *Railroad Co.*, 22 N. E. Rep. 1068. In that case it was held, viz.: It is the duty of a railroad company to give passengers a reasonable opportunity to leave its train at stations where it stops; and reasonable diligence on the part of its passengers is also required. A passenger has the right to assume that he will have reasonable opportunity to get off the train before it is started.   We are satisfied, upon a careful perusal of the evidence, that it required that the trial judge should submit to the jury the question of whether or not the plaintiff was guilty of negligence which contributed to the injury. *Suiter* v. *Railroad Co.*, 7 N. Y. St. Rep. 687. The language of RUGER, C. J., in *Parsons* v. *Railroad Co.*, 113 N. Y. 364, 21 N. E. Rep. 145, is pertinent and applicable. He says: "The question is whether the injured party, under all of the circumstances of the case, exercised that degree of care and caution which prudent persons of ordinary intelligence usually exercise under like circumstances. This rule must in all cases, except those marked by gross and inexcusable negligence, render the

question involved one of fact for the jury. We think the jury could properly find that the deceased did, under the circumstances of this case, exercise such care and caution as exempted him from the imputation of negligence."

The learned counsel for the appellant has brought in juxtaposition in his points the evidence which he supposes the plaintiff gave on the former trial, and the evidence which she gave upon the trial now before us; and, because of the difference found in the evidence of the plaintiff on the two occasions, he argues that it "should of itself utter a discredit to the second version." Such an argument was a proper one to press upon the attention of the jury. It cannot, however, be allowed to persuade us to overturn the verdict. It was for the jury to determine what credence should be given to the plaintiff's evidence as it appeared upon the trial now before us. In *Cleveland* v. *Steam-Boat Co.*, 7 N. Y. Supp. 28, a somewhat similar question was considered by this court, and we there held, viz.: The mere fact that there are some contradictions in plaintiff's testimony, when compared with that given by him on a former trial, does not, as matter of law, discredit him as a witness. We think the evidence abundantly supports the verdict of the jury in finding that the plaintiff was not guilty of contributory negligence, and in finding that the defendant was guilty of negligence which caused the injuries which the plaintiff received on the occasion when she attempted to alight from the passenger train of the defendant at Felts Mills, and that the case properly falls within the principles laid down in *McDonald* v. *Railroad Co., supra.* Judgment and order affirmed, with costs. All concur.