## LEAVITT *et al. v.* DODGE.

(*Supreme Court, General Term, First Department.* November 13, 1891.)

1. TRIAL—DIRECTING VERDICT—WAIVER OF EXCEPTION.
   Where defendant excepts to a direction to the jury to find for plaintiff, he does not, by afterwards requesting the court to charge certain propositions to be observed by the jury in considering of their verdict, waive his exception to the direction of the verdict against him.

2. SAME—EFFECT OF EXCEPTION.
   An exception to the decision of the court directing a verdict presents the question whether the case is one on which a verdict could be directed by the court.

3. PLEADING—DEFECT OF PARTIES—ANSWER.
   Plaintiffs, members of a dissolved firm, alleged that they had succeeded to the interests of the firm in a demand against defendant. *Held,* that the effect of such allegation was to prevent a defect of parties plaintiff (the other members of the firm) from appearing on the face of the complaint, and that defendant properly availed himself of such defect by answer instead of demurrer.

4. PARTNERSHIP—TITLE TO FIRM ASSETS—QUESTION FOR JURY.
   Plaintiffs, members of a dissolved firm, alleged that they had succeeded to the interests of the firm in a demand against defendant. There was no testimony to support this claim, except that of one of plaintiffs, to the effect that the firm had gone out of business, leaving its affairs in the hands of plaintiffs. Plaintiffs also claimed that the demand in question was for legal services rendered by them to defendant, in which the firm had no interest under the partnership agreement, but it did not appear that the services in question came within such agreement. *Held,* that the question whether plaintiffs were entitled to recover was for the jury, and that the court erred in directing a verdict for plaintiffs.

5. TRIAL—DIRECTING VERDICT—TESTIMONY OF INTERESTED WITNESS.
   Where the claims of a party to an action depend upon the testimony of an interested witness, the court has no authority to direct a verdict in favor of that party.

6. ATTORNEY AND CLIENT—CONTINGENT FEE—LIABILITY OF CLIENT.
   Plaintiffs sued to recover for services rendered a receiver in supplementary proceedings under a judgment recovered by defendant. Defendant claimed that plaintiffs' fee was contingent, to be satisfied out of the proceeds of the judgment. A letter of plaintiffs to defendant stated that " we will allow the bill for services rendered the receiver to stand to be paid out of any moneys that may hereafter be paid you or your claim out of the estate in the hands of the present receiver, " etc. *Held,* under such agreement, that plaintiffs could not resort to defendant personally for the payment of their claim as long as he did not prevent their resort to the receiver.

7. COMPROMISE—CONSIDERATION—SETTLEMENT OF DISPUTED LIABILITY.

    In such case, the settlement of the controverted question whether defendant was personally liable to the firm, or whether its right to compensation depended upon the result of the litigation, formed a good consideration in law for the restriction of the firm's demand to such moneys as should pass into the hands of the receiver.

8. ATTORNEY AND CLIENT—CONTINGENT FEE—LIABILITY OF CLIENT.

    Defendant received a check for a portion of the fund collected by the receiver, but plaintiffs objected to his retention thereof, on which defendant returned the check to the receiver. *Held*, that the acts of defendant could not have the effect of rendering him liable for the compensation, for which plaintiffs had agreed to look to the receiver.

Appeal from circuit court, New York county.

Action by Humphrey H. Leavitt and another, plaintiffs, against John L. Dodge, defendant. From a judgment entered on the verdict of a jury, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before DANIELS and LAMBERT, JJ.

*R. Burnham Moffat*, for appellant. *Leavitt & Leavitt*, (*Charles W. Brooke*, of counsel,) for respondents.

DANIELS, J. The action was brought by the plaintiffs to recover the sum of $443.56 and interest thereon upon a settlement or stated account made on or about the 6th of January, 1888. The plaintiffs, together with Harry M. Peters, James A. Turnbull, and Henry S. Whitaker, were copartners in business at the time when this settlement took place; and it was alleged in the complaint to have been made between the defendant and this firm, and that the plaintiffs, upon a dissolution of the firm, which afterwards took place, had succeeded to all its rights, title, and interest in this demand. A claim was also made for services afterwards performed for the defendant in the course of legal proceedings, but for which the court at the trial held the plaintiffs were not entitled to recover; but upon the close of the proof a verdict was directed in their favor for this balance, together with interest from the 6th of January, 1888, and the defendant excepted to this direction, and reliance is placed upon that exception to sustain the appeal taken from the judgment and order. It has, however, been insisted on behalf of the plaintiffs that the defendant is not in a position to maintain this exception, even though the case was one which should have been submitted to the jury, for, after the court had decided to direct a verdict in favor of the plaintiffs, the counsel for the defendant requested the court to charge certain propositions to the jury, to be observed by them in the consideration of their verdict; but there was no request made on behalf of the defendant to direct a verdict in his favor, and, consequently, no waiver of the exception taken to the decision of the court to direct a verdict against him. The case is not one where each party requested the court to direct a verdict, and thereby presented it as involving only legal propositions, but it is a case in which the court decided, in substance, that there was no question of fact to be submitted to the jury, and that a verdict should be directed in favor of the plaintiffs; and the exception taken to the decision presents the question whether the case was or was not one upon which a verdict could in this manner be directed by the court. *Sheffer* v. *Harmon*, (Sup.) 3 N. Y. Supp. 591; *Citroen* v. *Adam*, (Sup.) 5 N. Y. Supp. 669.

By the answer of the defendant, the allegation that the plaintiffs had succeeded to the right, title, and interest of the firm to this balance was put in issue by a denial, and it was further averred that Harry M. Peters, Henry S. Whitaker, and James W. Turnbull should have been joined as plaintiffs in the action, and this was a matter of fact which could be set up as a defense by the answer, for the reason that it did not appear upon the face of the complaint that there was any defect of parties plaintiff as the action had been brought. It did appear that these persons were members of the firm at the time when the settlement took place, but it was alleged that the plaintiffs

had succeeded to their interests in the demand, and for that reason the complaint showed no defect of parties, within subdivision 6, § 488, of the Code of Civil Procedure, and this objection was regularly taken, therefore, by answer. Whether the plaintiffs had succeeded to the interest of the firm in this demand depended wholly upon the testimony of Edwin R. Leavitt, one of the plaintiffs, but he did not testify that any agreement had been made between the plaintiffs and either of these other members of the firm by which they relinquished their interest in the demand to the plaintiffs; but the utmost that his evidence tended to establish was that they had gone out of the business, and left it in the hands and under the control of the plaintiffs. The position was also taken that by article 5 of the partnership agreement the plaintiffs were entitled to maintain the action for the recovery of this balance, for the reason that it was for legal services which they had performed during the existence of the firm, but this article does not appear to be capable of so extended a construction as to include this balance; for the utmost which is done by it is to provide that each of the parties in the firm should retain for himself or themselves exclusively any and all business that he or they had or might have, and that none of the other parties were to have or be entitled to any share whatever in the profits of such business, or to have anything to do with the management thereof. This demand was not within this section of the articles, for the business out of which the balance arose was not the business which the plaintiffs had or afterwards acquired, but it was the business of the firm itself, secured through the action of Mr. Peters, one of its other members. Whether the plaintiffs were entitled to maintain the action, therefore, depended upon the acquisition of their right or interest as successors of the other members of the firm after its dissolution, and that, in the most favorable view for the plaintiffs, depended upon the inference to be drawn from and supported by the facts stated by this witness. It was accordingly a question for the jury to consider and decide, and not for the court; and it was error for the judge, under this state of the evidence, obtained from a party, to direct a verdict in favor of the plaintiffs. *Kavanagh* v. *Wilson,* 70 N. Y. 177; *Honegger* v. *Wettstein,* 94 N. Y. 252, 261; *Cleveland* v. *Steam-Boat Co.,* (Sup.) 7 N. Y. Supp. 28. These authorities abundantly sustain the proposition that, where the right of the party depends upon the testimony of an interested witness, the court has no authority to direct a verdict in favor of that party.

It further appeared by the evidence of this witness that the services for which this balance was claimed and the verdict was directed were rendered for a receiver in supplementary proceedings under a judgment recovered by the defendant. The amount of their services was not denied, but it was claimed by the defendant that they had been rendered under an arrangement with Mr. Peters, one of the members of the firm, upon a contingent fee, to be satisfied out of the proceeds of the litigation. This was denied by the plaintiffs; and the settlement which was made on the 6th of January was for the adjustment of this controversy. That there was a dispute appears from the testimony given by this witness, and its existence is also conceded in the letter written by Leavitt and Whitaker to the defendant on the 9th of January, 1889, in which it is stated that the defendant disputed the claims, to the surprise of the plaintiffs, "upon the ground that Mr. Peters, our then partner, had represented to you at the outset of the litigation that it would be taken upon a contingent fee basis;" and it was one of the objects of the settlement which was made to adjust and determine this dispute, and it was adjusted between the firm and the defendant by the agreement that this claim of the plaintiffs was to be satisfied out of the proceeds obtained by the receiver in the course of his proceedings. In the paper subscribed by the firm it was stated that the firm had "received this day, from Mr. John L. Dodge, check for $245.38, as per settlement of bill this date. Bill against receiver

to stand, and be paid according to letter of Dec. 30/87, to Mr. Dodge, and the said check to be in full settlement of the rest of said bill." And the letter, in this manner referred to, expresses with equal, if not greater, clearness that the plaintiffs' demand for this balance was restricted to their ability to have it satisfied out of the moneys which should be obtained by the receiver. On this subject it is stated in the letter that "we will allow the bill for serv-ices rendered the receiver to stand, to be paid out of any moneys that may hereafter be paid you on your claims out of the estate in the hands of the present receiver, and upon that contingency; and we will accept the differ-ence, $404.38. This in fact cuts down our bill total to nearly one-half, leaving the rest of our work to be paid for upon contingency of collection, which we certainly never anticipated." The settlement of the controverted question whether the defendant was personally liable to the firm, or its right to compensation for these services depended upon the contingency in this manner referred to, formed a good consideration in law for this restriction of the demand to the moneys which should pass into the hands of the receiver; for the settlement or compromise of a disputed claim is a good consideration for an agreement entered into upon the basis of its adjustment. *Wehrum* v. *Kuhn*, 61 N. Y. 623; *Feeter* v. *Weber*, 78 N. Y. 334, 337. And it was also so considered and held in *Babcock* v. *Hawkins*, 23 Vt. 561. And the agree-ment which in this manner was entered into between the firm and the de-fendant excluded the right to resort to him personally for the payment of this indebtedness, for the only inference which the receipt and the letter in their statements sustain is that the right of the firm to recover this balance was intended to be restricted to the moneys passing under the control of the receiver, from which that payment could be made; and the remedy was thereby restricted to the receiver, as long as the defendant did not afterwards obstruct or prevent its enforcement. *Morehouse* v. *Bank*, 98 N. Y. 503. It was the case of an agreement accepted by the firm in satisfaction and ad-justment of the preceding controversy, and the remedy for its enforcement was that which was in this manner prescribed by its terms. *Babcock* v. *Hawkins, supra.* It did appear by the evidence that the defendant had received a check from the receiver for the sum of $349 as a dividend declared by him, and it was proposed by the defendant to withhold this check from the plaintiffs, and to make a different disposition of it; but, upon the plain-tiffs making a claim against the check to the receiver, the defendant returned it to him, and thereby restored his control over the disposition of this fund. The court, in its charge to the jury, considered this to be an unauthorized act of the defendant, rendering him liable for the balance declared by the settlement; but, if the act had been unauthorized by which the check was re-turned to the receiver instead of being delivered to the plaintiffs, it did not justify the direction of a verdict in their favor for nearly $100 exceeding the amount mentioned in the check. But it appeared by the evidence of the de-fendant himself that the check was returned to enable the receiver to control the disposition of this dividend. No claim was made to it by the defendant, and he testified that he had no interest in it beyond seeing that it was paid to the right party; and if that was the motive by which he was actuated, he in-terposed no obstacle or resistance in the way of the plaintiffs' right to this dividend, and did not prevent them from receiving the money for which the check had been drawn. By its restoration to the receiver they were placed at liberty to enforce their claim against him to this extent under the settle-ment which had been made. They lost and were deprived of no right to secure the payment of their demand in the manner in which that had been provided for by the settlement, and the court could not certainly, on account of the action of the defendant relating to this check, direct a verdict against him for the balance which it was agreed should be satisfied out of the moneys obtained by the receiver. The case in all points as they were presented by

the evidence was one for the jury, and not for a direction of a verdict by the court. The exception taken to that direction should therefore be sustained, and the judgment and order reversed, and a new trial directed, with costs to the defendant to abide the event.