MARIA REICH, Respondent, *against* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellants.

(Decided March 15th, 1883.)

On the trial of an action against a city for injuries to plaintiff from a fall alleged to have been caused by slipping on ice upon the sidewalk of a public street of the city, evidence was given that snow had fallen two or three days before plaintiff was injured ; that at the place where the accident occurred, water was discharged upon the sidewalk by a leader from the roof of a house, contrary to the city ordinances, and froze there; and that ice had thus formed at that place, during the winter, and for several days prior to the accident. *Held*, that this was sufficient for submission to the jury upon the question of the ice having been there long enough to charge the defendants with constructive notice.

*Held*, further, that the city ordinance requiring that the water from such leaders, passing into the street, should be conducted under the sidewalk, was properly admitted in evidence.

The existence of an obstruction long enough to give implied notice being sufficient to charge the city, no additional time can be allowed to the city for the owner of the adjoining premises to clean the walk; nor can the fact that such owner had theretofore promptly cleaned the walk be considered material.

In addressing the jury at the close of a trial, counsel for plaintiff attempted to read from a reported case; upon objection being made, he closed the book, and then stated to the jury what had been decided in that case, which, he told them, was on "all fours" with the case on trial; and the court, upon a request from defendants' counsel to direct him to desist from this mode of summing up, declined to do so. *Held*, that this was error, for which a judgment for plaintiff should be reversed.

APPEAL from a judgment of this court entered upon the verdict of a jury, and from orders denying motions for a new trial on the minutes and on the ground of newly discovered evidence.

On Sunday, February 3d, 1878, a clear day, plaintiff, passing over a sidewalk on the south side of Delancy Street, between three and four o'clock, slipped on the ice and fell. Her hip was broken by the fall, and she was confined to her bed for six or seven weeks. On Thursday and Friday next preceding, snow fell to the depth of seven inches. There was a leader from the roof of the house fronting the sidewalk, which discharged water upon the lower step of the stoop, and thence to the walk. A city ordinance required every person from whose lot water might pass into any street across the sidewalk to cause the same to pass through a covered gutter under the sidewalk, and to keep the gutter clear. A prescribed penalty was imposed for every day the duty was neglected.

The plaintiff brought this action to recover compensation for her injury. On the trial the plaintiff's counsel, when addressing the jury, referred to a reported case, under circumstances stated in the following opinion. The jury rendered a verdict awarding plaintiff twenty-five hundred dollars. From the judgment for plaintiff entered on the verdict, and orders denying motions for a new trial on the minutes and on the ground of newly discovered evidence, defendants appealed.

*David J. Dean* and *Thomas P. Wickes*, for appellants.

*Charles P. Miller*, for respondent.

BEACH, J.—[After stating the facts as above.]—The disposition of this appeal, so far as the issues between the parties are concerned, is controlled by the question whether or not the evidence on plaintiff's behalf made a proper case for submission to the jury. The appellants urge the nega-

tive, from the absence of proof showing ice to have been
upon the sidewalk for a sufficient length of time to charge
the city with constructive notice and consequent negligence
in allowing it to remain.  The legal principles governing the
case were stated to the jury with great clearness by the
learned judge who presided on the trial.   No exceptions
were taken to his charge, and those arising from his refusal
to instruct the jury in accord with two propositions submit-
ted by appellants' counsel, will be hereafter considered.
The case to me seems but little different from *Todd* v. *City
of Troy* (61 N. Y. 506).   In that case, as here, there was a
leader from an adjoining house discharging water upon the
walk, which froze and then thawed, as the weather was cold
or warm.   One witness on this trial testified: "The water
came from the leader on to the sidewalk during the winter,
and the ice on the sidewalk was caused by the water, which
ran from the leader, freezing;" another said, "I saw water
during the winter, prior to this accident, coming from that
leader, freezing and remain frozen in front of that house."
To the question, "Do you remember whether or not there
had been ice formed from the water which had flowed there
for several days prior to the accident," the witness answer-
ed, "Yes, sir."   The response may be said to indicate only
remembrance, but in construing it with what the witness
said immediately before and after, it should be applied to
the presence of ice rather than to his memory.   Another
witness who, prior to the accident, passed over the walk
every day and sometimes twice, said, "there was always
ice and snow there in the winter time; I never knew it
clean in any way."   I think this evidence was sufficient for
submission to the jury, upon the question of the ice having
been there long enough to charge the defendants with con-
structive notice and liability.   Upon testimony substantially
similar, the Court of Appeals, in *Todd* v. *City of Troy*
(*supra*), said: "It was a question for the jury to decide
whether it was negligence for the municipal authorities to
permit this water to flow upon the sidewalk and thaw and
freeze there and form ice, remaining there for some days."

The exception to the ruling which admitted the city ordinance, is not well taken.  The ordinance regulated the construction of leaders, and the testimony descriptive. of this one showed non-compliance with the law, making a nuisance which it was the duty of the authorities to remove after having actual or implied notice of its existence (*Hume* v. *The Mayor &c. of New York*, 74 N. Y. 264).

The learned judge properly refused the request to charge the jury so as to make the allowance of a reasonable time for an owner of premises to clean the walk, a factor affecting the defendants' liability.  The liability of a municipal corporation is not based to any extent upon such a consideration ; all that was needful to charge the city was the existence of an obstruction long enough to give an implied notice of its existence.  Reasonable time to remove after notice, express or implied, must be allowed.  The unperformed duty of an adjoining owner does not shorten or lengthen the period the municipality is entitled to.  Neither was the fact stated in the other request, of the occupant of the premises having theretofore promptly cleaned the walk, material.  The issue between the parties related to an omission of duty on this occasion by the defendants.  The walk having always before been cleaned, would not relieve the defendants, other facts imposing liability being shown ; consequently the learned court was right in declining to instruct the jury to give the fact consideration as bearing upon defendants' negligence.

In addressing the jury, the counsel for the plaintiff, as appears on the record, attempted to read from the report of *Darling* v. *The Mayor &c. of New York* (18 Hun 340), and upon objection being made closed the book.  He then stated to the jury what had been decided in the Darling case, which he told the jury was on "all fours" with the case at bar.  The counsel for the defendant asked the court to direct counsel to desist from this mode of summing up.  The court declined, and exception was taken.  In this there was, in my opinion, grave error.  The undeniable right of the defendant was to have a verdict founded upon

the evidence, and nothing outside the evidence.    The province of counsel is to influence the verdict, not by statement of extrinsic and unproved facts, but by argument deduced from those appearing in proof.    Comment upon those not in evidence is not rendered any more regular by their having been ruled out during the trial.    Improper influence upon the jury is to be prevented, and the possible or probable potency of outside facts is not diminished or enhanced by a ruling of the court adverse to their admissibility (*Gould* v. *Moore*, 40 Super. Ct. 387; *Koelges* v. *Guardian Life Ins. Co.*, 57 N. Y. 638).

The action of counsel was neither more nor less than stating what had been decided in another case, claiming it precisely similar to the one on trial.    Nothing better calculated to influence a jury can be imagined than such reference to an adjudication.    Desisting from reading the report was of no benefit when counsel instead resorted to his own rendition.    The defendants may have had their rights passed upon under the strong influence of authority a jury would be likely to follow, and which rightfully had no more to do with the formation of their conclusion than the imaginative recitals of a French romance.

The argument that while counsel may not be permitted to read law to the jury from reported decisions or adjudicated cases, as evidence, but may use them in his address to the jury, *by way of illustration*, is too refined in distinction to meet my approval.    The *matter* placed before the jury is objectionable; the *mode* of bringing it to their attention is of no importance, and works no cure of the evil.

Whether or not counsel continued his comments after objection, the ruling in his favor and exception, does not appear.    Even if not, were persistence the test, enough is shown by the remarks after the objection was complied with by closing the volume.    The injury had been done by the statement, and, while it might have been corrected by a different ruling, was allowed by the court to remain with apparent approval.

The judgment should be reversed, and a new trial ordered, with costs to abide the event.

CHARLES P. DALY, Ch. J., and VAN BRUNT, J., concurred.

Judgment reversed and new trial ordered, with costs to abide event.