HEILBRONN *et al. v.* McALEENAN.

(*Supreme Court, General Term, First Department.* June 19, 1888.)

SALE—BY AGENT—WHEN TITLE PASSES.

 A person who, by falsely representing that he has a customer for certain goods, obtains possession of them, with the power to sell and deliver them to that customer only, but without any general power of sale, and, instead, pledges them to a pawnbroker, can convey no title to the goods to the broker.[1]

Appeal from circuit court, New York county; CHARLES DONOHUE, Justice.

Action of replevin by Justus Heilbronn and others against Henry McAleenan to recover possession of two diamond stones found in possession of defendant, a pawnbroker. Judgment was entered on a verdict for plaintiff, and defendant appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Thomas McAdam,* (*E. P. Wilder,* of counsel,) for appellant. *George C. Comstock,* for respondents.

VAN BRUNT, P. J. The law, as affecting the facts in this case as found by the jury, seems to be settled by the principles laid down in the case of *Hentz* v. *Miller,* 94 N. Y. 64, and the case of *Soltau* v. *Gerdau, ante,* 163, (decided in May, 1888.) In the case of *Hentz* v. *Miller, supra,* it was held that the broker was guilty of larceny, because he was only intrusted with the naked possession; no bill of sale or other muniment of title being delivered. In the case of *Soltau* v. *Gerdau, supra,* the broker pretended that he had a customer when he had not, and the goods were delivered to him to be delivered to the customer, the broker to collect the purchase price; but the broker placed the goods in a warehouse, and sold or pledged the warehouse receipts, and it was held that the broker was guilty of larceny, and he could convey no title to the goods. The facts in the case at bar, as found by the jury, are that on the 8th day of June, 1885, one Alfred Jacquin came into the plaintiff's office, and saw the plaintiff Heilbronn, and told him that he had a customer up town, named

---

[1] The acts of an agent varying from those contemplated by the evidence of his authority are wholly void. See Jenkins v. Funk, 33 Fed. Rep. 915, and note. See, also, Yates v. Yates, (Fla.) 3 South. Rep. 821.

Mrs. Cridge, who wanted a pair of diamonds to cost $1,000. A pair was selected, and Mr. Heilbronn then told him that the pair was worth $1,000; but that, if he sold them to Mrs. Cridge, he would allow him $50 commission; and that, if he did not sell them to Mrs. Cridge, he must return them in a few days, which he promised to do, and the diamonds were delivered. No memorandum or bill was given for the diamonds. Jacquin on the same day pledged the diamonds with the defendant, who is a pawnbroker, and this suit was brought to recover possession of the diamonds.

Upon the above facts, applying the principles of the cases cited, the plaintiff was entitled to recover. There was no general power of sale given to Jacquin; only the power to sell and deliver to a particular person, collect the money from this particular person, and receive from such purchase money his brokerage,—circumstances precisely analogous to those presented in the case of *Soltau* v. *Gerdau, supra*. But it is claimed that there was a general right of sale conferred; and this is based upon some statements made upon cross-examination by the plaintiff by the counsel for the defendant, where the witness stated that all he wanted was, if Jacquin sold these stones, he would bring him $950. It was undoubtedly true that, if he got paid for the stones, it made no difference who bought them, and he would have had no right to complain if he received their value. But the whole tenor of the witness' testimony was that these stones were delivered to Jacquin to be delivered to a particular customer; and this was the one question which the jury were instructed to decide. They were told that, if these goods were intrusted to Jacquin to be shown to a particular customer for the purpose of sale, the plaintiff should recover; but that, if Jacquin had a general power of sale, the defendant was entitled to a verdict. This was the issue as presented to the jury; and in the consideration of this question, at the request of the defendant's counsel, they were instructed that they could take into consideration all the facts and circumstances developed by the testimony as to the relations between Jacquin and the plaintiffs. The jury found by their verdict that Jacquin had no general power of sale. The learned court also charged the jury that if Jacquin got those goods with a prearranged notion in his mind by trick and device to get them, and not to pay for them, and deprive the plaintiffs of their property, then it was larceny, and Jacquin could not convey title to anybody in those goods. Upon this proposition being excepted to, the learned court modified this proposition by charging that if Jacquin obtained them—that is, possession of them—by trick and device, at the time he obtained possession of the goods, without obtaining title thereto, it was a larceny. The jury had thus before them the one question upon which rights of the parties depended, and none other, viz., did the plaintiffs deliver the goods to Jacquin with authority to sell and deliver to a particular person? If they did, and he made another disposition of them, he could give no title. In the consideration of this question, the indictment of Jacquin was entirely immaterial. It could in no way affect injuriously the case of the defendant, because it did not bear in the least upon the credibility of the plaintiffs' version of the transaction. So the same is true as to the admission of the pawn-tickets. They could not possibly harm the defendant. Neither was the defendant prejudiced by the evidence of Weil, even if it was incompetent. The jury's attention was directed to the one issue, and this alone was submitted to them in a manner whereby they must have distinctly understood what the vital question was; and in finding a verdict for the plaintiffs they must have found that the delivery of the goods was accompanied by the limited authority claimed by the plaintiffs. There do not seem to be any errors in the case which can possibly have prejudiced the defendant, and the judgment appealed from should be affirmed, with costs.

BRADY and DANIELS, JJ., concur.