### CANTON SURGICAL & DENTAL CO. *v.* WEBB.

*(Common Pleas of New York City and County, General Term.* January 4, 1892.)

1. CONDITIONAL SALES—EFFECT AS AGAINST PLEDGEE.
      A dental chair, sold by plaintiffs on the installment plan, the title to remain in them till full payment of the price, of which only a small amount had been paid, was held by defendant on an agreement by the purchaser that it should be security for unpaid rent, although no chattel mortgage had been executed therefor. *Held,* that defendant was a pledgee, and not a mortgagee, and therefore could not hold the chair as against plaintiffs, under Laws 1884, c. 315, providing that all conditional sales shall be deemed absolute, as against "subsequent purchasers and mortgagees in good faith," unless the contract, or a copy thereof, be filed as therein prescribed.

2. COSTS ON APPEAL.
      Under Code Civil Proc. § 3213, providing that, on appeal to the court of common pleas from a district court in the city of New York, the allowance of costs shall be discretionary when the judgment is modified or a new trial granted, the allowance of costs is not discretionary when the judgment is affirmed, but they must be granted to the respondent, as provided in section 3067.

Appeal from eighth district court.

Action by the Canton Surgical & Dental Company against William Webb to recover the possession of a chair. From a judgment for plaintiff rendered by the court on a trial without a jury defendant appeals. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*John D. Townsend,* for appellant.     *G. P. Havens,* for respondent.

BOOKSTAVER, J.     This action was brought to recover possession of a dental chair sold by the plaintiff to one John A. McClelland about December 1, 1890, to

be paid for on the installment plan, title to remain in the plaintiff until the chair was fully paid for.   Before that time McClelland had hired a room of the defendant, where he used to carry on his business as a dentist.   On the 17th of December he owed the defendant about $40 for rent, which was demanded of him, and which he declared he was unable to pay at that time. Then Mrs. Webb, acting for her husband, the defendant, asked for security, if he desired to remain.   He offered her as security the chair in question and some trunks, and represented that the chair had cost him $100 in cash, and an old chair.   Mrs. Webb testified that she accepted the chair and trunks as security, and allowed him to remain, and also to keep possession of the security.   In January, 1891, the indebtedness for rent had run up to about $90, and then McClelland was asked to give a chattel mortgage on the chair and other property which he had offered as security; but this he adroitly avoided doing, and, upon being pressed for payment, undertook to move his property from the premises through the window instead of out of the front door, but was prevented by the defendant.   After this the plaintiff, by its agent, demanded the chair of the defendant, and, on refusal, brought this action.   On the trial it appeared that only $10 had been paid by McClelland on account of the chair.   Therefore, under *Cole* v. *Mann*, 62 N. Y. 1, and *Ballard* v. *Burgett*, 40 N. Y. 314, the title still remained in the plaintiff, as between McClelland and his creditors.

It is doubtless to remedy this state of the law respecting conditional sales that chapter 315, Laws 1884, under which defendant claims the right to hold the chair as against the plaintiff, was passed.   But that act provides that conditional sales of goods and chattels shall be deemed absolute, unless the contract, or a copy thereof, be filed as therein designated, as to two classes of persons only, and they are subsequent purchasers and mortgagees in good faith.   It does not include the creditors of the debtor, as do the statutes relating to fraudulent conveyances and the filing of chattel mortgages.   Whether this omission was intentional on the part of the legislature or not, we have no means of ascertaining, and we can only construe the law as it stands.   The defendant was not a purchaser; he does not claim to be.   We think it is equally clear he was not a mortgagee.   In his answer the defendant claims the right to hold the chair as security or pledge for a debt, and we think the testimony fully establishes that he was a pledgee and not a mortgagee.   There is a wide difference between a mortgage and a pledge.   In the first case, the title passes, subject to being divested by the fulfillment of the conditions of the mortgage; in a pledge the title does not pass.   In a mortgage the possession may or may not pass, but in a pledge it must pass to the pledgee, or he loses his lien.   Such obvious and well-known distinctions we do not think were overlooked by the legislature, and we see no possible way by which a mortgage can be construed to include a pledge.   The judgment should therefore be affirmed, with costs.   Were the latter in our discretion, we think, under the circumstances of this case, we would not grant them, but we conceive that under sections 3067 and 3213 we have no discretion in the matter.