Me Ad am, J.
That “no one can transfer to another a better title than he has himself, is a maxim,” says Chancellor Kent, “alike of the.common and civil law, and a sale ex vi termini imports nothing more than that the bona fide purchaser succeeds to 'the rights of the vendor.” 2 Kent’s Com.3 24.
In this case the jury, by their verdict, found that Seale & Co., the owners of the diamond pin, did not sell it to the Baroness Blanc, but loaned it to her, with the liberty of purchasing same 'on payment of a stated price. She never availed herself of the privilege of buying, never did buy, and the pin remained the property of Seale & Co. Until it was transferred by their general assignment to the plaintiff.
The baroness had no title whatever to the property, and could not, therefore, convey.or pledge it; and the fact the defendant in good faith advanced $800 upon the pin gives him no greater right than the baroness herself had. The latter had a mere naked possession ; this has never been held to confer a power of disposition; and an unauthorized sale, although for a valuable consideration, and to one having no notice that another is the true owner, vests no title in the vendee. See authorities collated in Smith v. Clews, 114 N. Y. 190; 23 St. Rep. 166; Heilbronn v. McAleenan, 16 St. Rep. 957; Anderson v. McAleenan, 29 St. Rep. 406.
Plaintiff’s assignors never furnished the defendant with any *265 indicia of title; nor have they-or he been estopped in any way from asserting title.
Though the goods were charged to the baroness, it was proved that the entries were made without instructions from the principals, who testified that they would not have sold on credit to a stranger, without security, such -goods as diamond ornaments. The jury evidently weighed these considerations in reaching a result. They found for plaintiff for the possession of the property, assessing its value at $1,409.70.
The defendant,- being a pledgee, was not “a subsequent purchaser .or mortgagee” within the meaning of the act of 1884, ch. 315, in reference to the filing of conditional sale agreements ; he was, therefore, entitled to no benefit thereunder. Canton S. & D. Co. v. Webb, 42 St. Rep. 187; 16 N. Y. Supp. 932.
The evidence sufficiently sustains the verdict, and, for the reasons stated, the motion for a new trial must be denied.