(16 Misc. Rep. 379.)

### KAUFFMAN v. KLANG et al.

(Supreme Court, Appellate Term, First Department. March 23, 1896.)

1. PLEDGE—RIGHTS OF PLEDGEE.
    A pledgee of personal property is not a purchaser or mortgagee in good faith, within the meaning of Laws 1884, c. 315, providing that conditional sale agreements, unless filed, are void as against subsequent purchasers and mortgagees in good faith.
2. SAME—TITLE OF PLEDGEE.
    The pledgee of personal property must rely upon the pledgor's warranty of title, and in the case of an unauthorized pledge by one having no title

the pledgee has his remedy only against the pledgor, and not against the owner.

3. APPEAL—REVIEW—OBJECTION NOT RAISED BELOW.

In replevin the defendant cannot, on appeal, take advantage of the fact that no demand was proved, unless the objection was made in the trial court.

Appeal from Seventh district court.

Replevin brought by Mary A. Kauffman against Michael Klang and H. & S. Freund to recover a watch. Judgment for plaintiff, and defendants appealed. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

William N. Loew, for appellants.

Saul Bernstein, for respondent.

McADAM, J. The action was in replevin to recover possession of a watch and chain, the property of the plaintiff, wrongfully detained from her by the defendants under the following circumstances: On March 15, 1895, the defendant Klang obtained possession of the property from the plaintiff, under an agreement in writing, signed by him, whereby he certified that he had rented and leased from the plaintiff the property in question, for which he agreed to pay $96, as follows: $20 on delivery, and the further sum of $2 on each and every Thursday of every week thereafter until said sum of $96 was fully paid, when the plaintiff should deliver to him a bill of sale of the property without further consideration. Klang agreed to safely keep in his possession the said property, in trust for the plaintiff; and it was understood that title thereto should not pass until all of the payments were fully made. It was further provided that, in case of default in any one or more of the payments, Klang should surrender the property to the plaintiff in good condition, and permit her to keep and retain all moneys theretofore paid thereon. It was also agreed that, before obtaining a bill of sale of the property, Klang should not deliver it to any person without first receiving in writing the consent of the owner. Klang paid the $20 mentioned in the agreement, and on the following day pledged the property with his codefendants, H. & S. Freund, pawnbrokers, obtaining thereon the sum of $40. The action was commenced May 7, 1895, and was tried on a stipulation by which the facts hereinbefore stated were admitted. It was also agreed that Klang violated the conditions of the agreement by pledging the property, and that H. & S. Freund did not know, at the time they advanced the $40, of the existence of the agreement before referred to.

It is urged on behalf of the appellants Freund that the agreement by which Klang obtained possession of the property constituted a conditional sale, and, as no copy thereof had been filed as required by chapter 315 of the Laws of 1884, and the acts amendatory thereof, the same is not operative as to them. The statute provides that conditional sale agreements, unless filed, shall be void as against subsequent "purchasers or mortgagees" in good faith; and it is clear that pledgees are neither. La Fetra v. Glover, 10 Misc.

Rep. 70, 31 N. Y. Supp. 150; Dental Co. v. Webb (Com. Pl.) 16 N. Y. Supp. 932. So that there is nothing in the act relied upon that has any relevancy to this case. Klang had no title whatever, and could not, therefore, pledge the property; and the fact that his codefendants in good faith advanced $40 upon it gives them no greater right than the pledgor himself had. He had a mere naked possession. This has never been held to confer a power of disposition, and an unauthorized pledge to one having no notice that another is the true owner vests no title in the pledgee. La Fetra v. Glover, supra; Smith v. Clews, 114 N. Y. 190, 21 N. E. 160; Heilbronn v. McAleenan (Sup.) 1 N. Y. Supp. 875; Anderson v. McAleenan (Com. Pl.) 8 N. Y. Supp. 483. The plaintiff' did not furnish the defendant with any indicia of title, and she is in no manner estopped from asserting her rights. The pledgee must necessarily rely upon the pledgor's warranty of title, and, if title prove defective, his remedy is against the pledgor.

Appellants contend that no demand has been proved. Assuming a demand to have been necessary, it was waived by the failure of the defendants to move at the trial for a dismissal of the complaint upon that ground. A defect in the plaintiff's case should be pointed out so that he may supply it if he can. Gerding v. Haskin, 141 N. Y., at page 520, 36 N. E. 601; Booth v. Bunce, 31 N. Y. 246; Binsse v. Wood, 37 N. Y. 526; Thayer v. Marsh, 75 N. Y. 340; Sterrett v. Bank, 122 N. Y. 659, 25 N. E. 913; Quinlan v. Welch, 141 N. Y. 158, 36 N. E. 12. The objection would probably have been obviated if it had been made in time.

The judgment must be affirmed, with costs. All concur.