CENTRAL VERMONT PUBLIC SERVICE CORPORATION *v.* EFFIE M. EITAPENCE.

May Term, 1943.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 5, 1943.

*Stanley L. Burns* for the defendant.

*Fenton, Wing & Morse* for the plaintiff.

MOULTON, C. J. This is an action of replevin for an electric refrigerator upon which the plaintiff claims a lien for a balance due and unpaid upon the purchase price. The judgment below was for the plaintiff, and the defendant has excepted.

From the agreed statement of facts it appears that Mrs. Muriel Backus purchased the refrigerator from the plaintiff on April 27, 1940, under a conditional sale agreement, and it was delivered to her and installed in an apartment which she rented from the defendant. The agreement was not recorded until August 28, 1941. At some time between August 16, and 23, 1941, Mrs. Backus gave up the apartment and moved away. She was then indebted in the sum of $100. for past due rent, and as security for its payment, she pledged the refrigerator to the defendant, who took possession of it without knowledge or notice of the existence of the conditional sale agreement. The plaintiff's demand for its surrender was refused, whereupon this action was brought.

P. L. 2705 provides that: "A lien reserved on personal property sold conditionally and passing into the hands of the conditional purchaser shall not be valid against attaching creditors or subsequent purchasers without notice, unless the vendor of such property takes a written memorandum signed by the purchaser witnessing such lien and the sum due thereon, and causes it to be recorded in the office of the clerk of the town where the purchaser of such property resides . . . . within 30 days after such property is delivered. . . . ." The question here is whether the defendant, a pledgee for a pre-existing debt, is a "purchaser" within the meaning of the statute. That she is not an attaching creditor is obvious. It was held in *Island Pond National Bank* v. *Lacroix*,

104 Vt 282, 299, 158 A 684, 692, that "upon a question of priority a pledgee stands upon the same footing as a purchaser, and is deemed a holder for value to the extent of his lien," and, "his interest in the property pledged is a legal interest sufficient to invoke the rule protecting bona fide purchasers." And under an act essentially the same as P. L. 2705, pledgees were held to be included in the term "purchasers." *Bank of Wisconsin Dells* v. *Schulenberg,* 226 Wis 278, 276 NW 333. But the word "purchaser" as used in the statute is to be taken in its ordinary meaning, that is, one who acquires an interest in property by the payment of a valuable consideration. *People* v. *Baldwin,* 287 Ill 87, 122 NE 148, 150. The phrase "purchaser without notice" is equivalent to bona fide purchaser without notice. *Hickey* v. *McDonald Bros.* 160 Ala 300, 48 So 1031, 1032; *Wilkins* v. *McCorkle,* 112 Tenn 688, 80 SW 834, 835. And one cannot be a bona fide purchaser unless he gives value in return for the property. *Downs* v. *Belden,* 46 Vt 674, 677-8; *United States* v. *California and Oregon Land Co.,* 148 US 31, 13 S Ct 458, 37 L Ed 354, 360.

■ One who takes a negotiable instrument while current as security for a pre-existing debt is a holder for value. P. L. 7162, 7164. *West Rutland Trust Co.* v. *Houston,* 104 Vt 204, 210, 158 A 69, 80 ALR 664; *Noyes* v. *Landon,* 59 Vt 569, 575-6, 10 A 342; *Atkinson* v. *Brooks,* 26 Vt 569, 574, 578, 62 Am Dec 592; *Swift* v. *Tyson,* 16 Pet. 1, 10 L Ed 865, 867. But as was said by Mr. Justice Harlan, in *Peoples' Savings Bank* v. *Bates,* 120 US 556, 7 S Ct 679, 682, 30 L Ed 754, 757, long before our present negotiable instruments law was enacted, this rule which is "established in the interests of commerce to facilitate the negotiation of mercantile paper, which, for all practical purposes, passes by delivery as money, and is representative of money, ought not, in reason, to embrace instruments conveying or transferring real or personal property as security for the payment of debts." See also, *Empire St. Trust Co.* v. *Trustees of Fisher,* 67 NJ Eq 602, 60 A 940, 941, 3 Ann Cas 393; Am. Law Inst. Restatement of Security, para. 35, and comment c.

■ While an antecedent indebtedness may be a good consideration for a pledge of chattels, as between the parties, (*Thomas* v. *Graves,* 89 Vt 339, 344, 95 A 643; and see *Collerd* v. *Tully,* 78 NJ Eq 557, 80 A 491, 492, Ann Cas 1912 C 78) the great weight

of authority supports the doctrine that such an indebtedness alone, unaccompanied by a promise to extend the time of payment, or some other present consideration, is not sufficient to constitute the pledgee a purchaser for value, so as to gain priority over the previous rights of third persons. In such a situation the pledgee has not parted with anything or waived any right or remedy, hence is in no different position than that occupied before the pledge. *Sparrow* v. *Wilcox,* 272 Ill 632, 112 NE 296, 298-9; *Martin* v. *Fritz,* 194 Iowa 740, 190 NW 514, 518; *Button* v. *Rathbone, Sard & Co.* 126 NY 187, 27 NE 266, 267; *Phoenix Iron Works Co.* v. *Mc-Evony,* 47 Neb 228, 66 NW 290, 53 Am St Rep 527, 530; *Starr P'ano Co.* v. *Baker,* 8 Ala App 449, 62 So 549, 552; *Bidault* v. *Wales,* 20 Mo 546, 64 Am Dec 205, 209; *Goodwin* v. *Massachusetts Loan, etc. Co.,* 152 Mass 189, 199, 25 NE 100; *Aetna Life Ins. Co.* v. *Morlan,* 221 Iowa 110, 264 NW 58, 62; *Rasmussen* v. *Lee and Co.,* 104 Mont 278, 66 P2d 119, 123; *Empire State Trust Co.* v. *Trustees of Fisher,* 67 NJ Eq 602, 60 A 940, 941, 3 Ann Cas 393; *Collerd* v. *Tully,* 78 NJ Eq 557, 80 A 491, 492, Ann Cas 1912 C 78. The decision in *Canton Surgical and Dental Co.* v. *Webb,* 16 NYS 932, 933, is factually in point. A dental chair was sold by the plaintiff under an installment plan, the title to remain in the plaintiff until the purchase price should be fully paid. No written instrument witnessing the contract was executed. When only a small part of the price had been paid the purchaser pledged the chair to the defendant, his landlord, as security for his unpaid rent. The statute provided that all conditional sales should be deemed absolute as against subsequent purchasers and mortgagees in good faith unless the contract or a copy of it should be recorded as therein directed. It was held that the plaintiff was entitled to the possession of the chair since the defendant was neither a subsequent purchaser nor a mortgagee.

In the present case the agreed statement contains nothing concerning any promise on the part of the defendant to forbear the enforcement of her claim for the rent owed to her by Mrs. Backus in consideration of the pledge of the refrigerator. Such a promise cannot necessarily be inferred from the facts stated. See *Austin* v. *Curtis,* 31 Vt 64, 75-6, overruling to this extent *Atkinson* v. *Brooks,* 26 Vt 569, 578 ff., 62 Am Dec 592. Where, as here, the facts have been agreed upon by the parties only necessary

inferences therefrom can be drawn or considered. *Hooper, trustee* v. *Kennedy,* 100 Vt 314, 317, 137 A 194; *Drew* v. *Bowen,* 102 Vt 124, 127, 146 A 254; *City of Barre* v. *Town of Bethel,* 102 Vt 22, 25, 145 A 410.

It follows, from what has been said, that the defendant is not a "purchaser" within the meaning of the statute, and no error appears in the judgment below.

*Judgment affirmed.*