CHARLES H. MERRITT *v.* ROBERT G. PARKER, SR., ET AL.

(86 A2d 547)

January Term, 1952.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY and ADAMS, JJ., and CHASE, Supr. J.

Opinion Filed February 5, 1952.

*Louis G. Whitcomb* for the defendants.
*Raymond L. Miles* and *Palmer D. Ainsworth* for the plaintiff.

SHERBURNE, C. J. This is an action for the conversion of a quantity of logs and lumber upon which the plaintiff claims a lien for a balance due and unpaid for the purchase price. The cause was tried by court; findings of fact were made, and judgment was entered thereon for the plaintiff, to which the defendants have excepted upon the ground that the findings do not support the judgment.

In so far as material to the questions raised in defendants' brief the findings show the following facts. In September, 1949, the plaintiff entered into a conditional sales contract with Karl Bowen of Chester, whereby he agreed to sell to Bowen all the standing timber located upon a tract of plaintiff's land at $10.00 per thousand feet, and whereby all the logs cut and removed, and the lumber sawed therefrom, were to remain the property of the plaintiff until the logs were paid for. This contract was recorded in the Chester town clerk's office on March 28, 1950. The logs in question were taken by Bowen to his mill premises after January 13, 1950, and before February 23, 1950, and have not been paid for. In March, 1948, Bowen gave to the defendant Lumber Company a chattel mortgage upon property upon his mill premises and upon all logs cut and stored, or to be cut and stored there, together with all sawed lumber on such premises and all sawed lumber to be stored there, upon condition that Bowen should pay certain antecedent promissory notes, and extensions and renewals thereof, and that Bowen should pay the mortgagee all sums then due or to become due for advances within a period of one year and not exceeding $50,000.00. On February 24, 1950, defendant Parker, as deputy sheriff, took possession under the mortgage for the defendant Lumber Company as mortgagee of all the property covered by the mortgage, including all logs and lumber upon the Bowen premises. On March 29, 1950, defendant Parker was notified that the plaintiff claimed a conditional sale lien on certain logs and lumber on the premises. Shortly thereafter defendant Parker sold all such logs and lumber at public auction according to law.

V. S. 47, § 2775, provides: "A lien reserved on personal property sold conditionally and passing into the hands of the conditional purchaser shall not be valid against attaching creditors or subsequent purchasers without notice, unless the vendor of such property

takes a written memorandum witnessing such lien, the sum due thereon and signed by the purchaser, and causes the same to be recorded within thirty days after such property is delivered, in the office of the clerk of the town where the purchaser of such property then resides * * *" Since the conditional sales contract was not recorded within the prescribed time, the question here is whether the defendant Lumber Company is a "purchaser" within the meaning of the statute.

At the time the mortgage was given it secured a pre-existing debt. There is no finding of subsequent advances, nor are any such here claimed to have been made.

In *Central Vermont Public Service Corp.* v. *Eitapence,* 113 Vt 284, 34 A2d 184, we stated that the word "purchaser" as used in this statute is one who acquires an interest in the property by the payment of a valuable consideration, that the phrase "purchaser without notice" is equivalent to bona fide purchaser without notice, and that one cannot be a bona fide purchaser unless he gives value in return for the property. In that case we showed that while an antecedent indebtedness may be a good consideration for a pledge of chattels as between the parties, the great weight of authority supports the doctrine that such an indebtedness alone, unaccompanied by a promise to extend the time of payment, or some other present consideration, is not sufficient to constitute the pledgee a purchaser for value, so as to give priority over the previous rights of third persons. In such a situation the pledgee has not parted with anything or waived any right or remedy, hence is in no different position than that occupied before the pledge. Following such authority, we held that a pledgee for a pre-existing debt was not a "purchaser" within the meaning of the statute.

█ █ According to the weight of authority, a mortgage for a pre-existing debt does not constitute the mortgagee a bona fide purchaser or mortagee for value, except where he is prejudiced in any manner at the time of making the mortgage by reason of an extension of time for the payment of the debt or where he advances a further consideration. 10 Am Jur, Chattel Mortgages, § 206; 14 CJS, Chattel Mortgages, § 309; Note 33 LRA 305. An illustrative case is *People's Savings Bank* v. *Bates,* 120 US 556, 7 S Ct 679, 30 L ed 754. The rule is the same in the case of a chattel mortgagee as in the case of a pledgee.

No claim is made that a chattel mortgage upon after acquired

property gives the mortgagee rights superior to those in such a mortgage of property in the possession of the mortgagor at the time the mortgage was executed. Unless the law as to what constitutes a mortgagee a bona fide purchaser or mortgagee for value has been changed by the Uniform Sales Act, V. S. 47, Chapter 246, as to which no claim has been made, it follows, from what has been said, that the defendant Lumber Company is not a "purchaser" within the meaning of the statute.

No error has been made to appear in the judgment below. *Judgment affirmed.*